**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2163
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER DUNN,
                              Appellant
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Crim. No. 3-21-cr-00004-001)
District Judge: Honorable Robert A. Molloy
_____

Argued on December 12, 2023
_____

Before: HARDIMAN, KRAUSE, and RENDELL, *Circuit Judges*

(Filed: February 29, 2024)

_____

OPINION[*]
_____

Matthew A. Campbell [Argued]
Office of Federal Public Defender
1336 Beltjen Road
Suite 202, Tunick Building
St. Thomas, VI 00802

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Counsel for Defendant-Appellant*

Delia L. Smith
Adam Sleeper [Argued]
Office of United States Attorney
500 Veterans Drive
United States Courthouse, Suite 260
St. Thomas, VI 00802
     *Counsel for Appellee*

**RENDELL**, *Circuit Judge*.

Christopher Dunn appeals his conviction for possession with intent to deliver less than fifty kilograms of marijuana. Dunn urges that the District Court erred in admitting dual capacity testimony from a witness and refusing to grant a mistrial for improper prosecutorial arguments. We disagree and will affirm.

I

In 2021, Dunn flew to St. Thomas. Upon arrival, U.S. Customs and Border Protection (CBP) searched his luggage. In the luggage, CBP officers discovered a vacuum-sealed bag containing a green plant-like substance. One officer described him as "a little nervous," noting that he had shaking hands and was "kind of stuttering" and used "slurred speech." Appx. 084. Dunn then completed a Customs Declaration Form stating that he was not transporting any plants, seeds, or food. Ultimately, officers discovered two more vacuum-sealed packages, each containing a green plant-like substance, nestled

2

among Dunn's clothing and sprinkled with powdered laundry detergent.[1] Officers field tested the contents of the three vacuum-sealed bags and detected cannabis.[2]

Dunn was later indicted for possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). He pleaded not guilty.

At a jury trial, the Government presented the seized packages and elicited testimony from a CBP officer about the events at the airport. The Government also elicited testimony from an expert certified in "controlled substance recognition"—CBP laboratory branch chief Rafael Martinez. Appx. 116. Martinez opined that, based on his testing and analysis, the substance was marijuana.[3]

Dunn's counsel objected to this testimony urging that the results of the testing did not show the concentration of THC in the samples and, accordingly, would not assist the jury in deciding whether the substance was marijuana. He explained that this was because the Agriculture Improvement Act of 2018, Pub. L. No. 115-334, 132 Stat. 4490 ("Farm Bill") redefined "marijuana" as not including "hemp," 21 U.S.C. § 802(16)(B)(i): cannabis with a THC percentage of 0.3% or less, 7 U.S.C. § 1639o(1). *See generally United States v. Rivera*, 74 F.4th 134, 136 (3d Cir. 2023). While Martinez did not determine the precise concentration of THC in the sample, the Government countered,

---

[1] Later, an officer would testify that detergent used in this way is often intended to mask odors.

[2] The contents of the packages weighed 1,341 grams.

[3] Martinez explained that he conducted three lab tests on the samples: the Duquenois-Levine test, a color-metric test, a microscopic analysis; and a gas chromatograph coupled to mass spectrometer test (GCMS).

Martinez could conclude that the samples were marijuana based on various characteristics of the forensic test results. Appx. 181.

After permitting Dunn's counsel to question Martinez outside the presence of the jury, and after questioning Martinez sua sponte, the District Court overruled Dunn's objection. Dunn's counsel then objected, in the alternative, that the testimony violated Federal Rule of Criminal Procedure 16 because the Government did not disclose Martinez's opinion and methods before trial. The District Court overruled this objection too, concluding that Dunn had received the appropriate pretrial disclosures.

At the conclusion of his expert testimony, Martinez offered lay testimony to undermine Dunn's theory that the nearly three pounds of marijuana seized was intended only for personal consumption. The Government asked Martinez about his experience weighing "marijuana cigarette[s]," which he explained typically weighed about one gram. Appx. 207. Dunn objected to this testimony on various grounds, including that it could not be admitted as expert testimony because the Government had not disclosed this opinion before trial as required under Rule 16; it could not be admitted as lay opinion testimony because it lacked proper foundation; it was irrelevant; and its admission would confuse the jury who had just heard from Martinez in his expert capacity. The District Court overruled the objection and admitted Martinez's testimony as relevant lay testimony and further instructed the jury as to how to consider Martinez's dual capacity testimony. Dunn rested without presenting a case-in-chief.

During closing arguments, Dunn lodged two additional objections, and moved for a mistrial. First, he objected that the Government improperly redefined the term

4

"marijuana" in its closing argument and, in so doing, invaded the province of the District Court to instruct the jury on the law. Second, he argued that the Government referenced facts not in evidence, namely that Dunn did not possess a medical marijuana card.[4] The District Court explained that the Government's argument was objectionable only to the extent that it suggested the substance Dunn possessed was marijuana as a matter of law, which it did not. It then admonished the Government for its admitted reference to facts not in evidence, charged the jury that arguments are not evidence, and explained that "[t]o the extent any of the attorneys argue the law that is inconsistent with my instructions, you are free to disregard it and you must follow my instructions on the law." Appx. 323. The jury convicted Dunn and he appealed.

## II[5]

We review a district court's decision to admit expert testimony for abuse of discretion, *United States v. Watson*, 260 F.3d 301, 306 (3d Cir. 2001), and we use this same standard of review for evidentiary rulings challenged under Federal Rule of Evidence 403, *United States v. Scarfo*, 41 F.4th 136, 178 n.35 (3d Cir. 2022). We likewise review the decision to deny a motion for new trial based on prosecutorial misconduct in closing argument for abuse of discretion. *United States v. Wood*, 486 F.3d 781, 786 (3d Cir. 2007).

---

[4] On appeal, the Government concedes both these errors.
[5] The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

III

On appeal, Dunn urges that we vacate his conviction and remand the case for a new trial because the District Court abused its discretion in admitting Martinez's testimony and further abused its discretion in failing to grant a mistrial based on the Government's conduct in its closing argument. We disagree.

A

Dunn argues that Martinez's testimony should have been excluded for a host of reasons, all of which are unavailing. He argues that the District Court erred under Federal Rule of Evidence 702 when it permitted Martinez to testify that the substance seized was marijuana because the lab tests he used did not prove the THC concentration of the samples. Proof of the THC concentration, Dunn maintains, is an element of the offense under the Farm Bill.[6] But this is merely a gloss on an argument we expressly rejected in *Rivera*, 74 F.4th at 139-40.

In *Rivera*, we recognized that the Farm Bill did not require the Government to prove that the possessed substance is not another form of cannabis such as hemp, but rather, it must prove that the substance was marijuana, which may be done through forensic as well as circumstantial evidence. *Id.* at 138. That is, the Farm Bill created an exception or affirmative defense to a charge of marijuana possession. *Id.* Here, Dunn did not invoke this affirmative defense or place the exception at issue, meaning the

---

[6] While Dunn did not specifically object on Rule 702 grounds at trial, he otherwise cited the Rule in post-trial motions and the District Court considered and rejected his arguments on the merits.

6

Government had no obligation to prove the THC content of the cannabis. Thus, Martinez need not have testified to the THC content and his testimony remained one of many pieces of evidence that tended to show that the substance was marijuana.[7]

Next, Dunn argues that the District Court abused its discretion in admitting Martinez's testimony because it allowed the Government to "ambush" him in violation of Rule 16. Appellant's Br. 21. He was not ambushed. Indeed, he received the Government's Rule 16 disclosure over six months before trial, providing him with ample time to move for a *Daubert* hearing or for additional discovery if he considered the disclosure lacking. Moreover, we agree with the District Court's assessment at trial that the Government had provided "[e]verything" necessary to satisfy its obligation under Rule 16. Appx. 181. As the District Court observed, the combination of the laboratory report, the GCMS test result graphs, and the Government's Rule 16 disclosure sufficed for Dunn to assess the soundness of Martinez's conclusion. And even if the Government's disclosure was not sufficient, any error in the District Court's admission of Martinez's expert testimony was harmless in light of *Rivera*.

Finally, Dunn argues that the District Court abused its discretion because it should have excluded Martinez's "marijuana cigarette" lay testimony as improper dual capacity testimony, which posed a substantial danger of unfair prejudice. Dunn cites no precedent,

---

[7] Among other things, officers observed that the substance was "green [and] plant-like", Appx. 55; when stopped, Dunn was "nervous," "[h]is hands were shaking, he was kind of stuttering," and had "slurred speech," Appx. 84; field tests showed the substance was positive for cannabis, Appx. 86; the duffel bag in which the substance was found was sprinkled with laundry detergent, which an officer testified is used to mask odors, Appx. 79; and Dunn did not declare that he was bringing any plants, seeds or food, Appx. 74.

and we find none, to support the proposition that dual capacity testimony is per se improper. Indeed, the opposite appears true. *See, e.g.*, *United States v. Tucker*, 714 F.3d 1006, 1016 (7th Cir. 2013) (noting that dual capacity testimony is "routinely upheld") (quoting *United States v. York*, 572 F.3d 415, 425 (7th Cir. 2009)). In any event, any danger of unfair prejudice here was sufficiently mitigated by the District Court's implementation of various safeguards. Among other things, the District Court provided a cautionary instruction to the jury regarding the basis of the testimony. *See* Appx. 215-16 ("I instructed the jury that [Martinez's] testimony was not based on his . . . expertise as a forensic chemist. It is based on his personal firsthand knowledge."). It also recognized that Dunn would have ample opportunity to cross examine Martinez on the subject, which defense counsel did. Appx. 211, 237-40. We conclude the District Court did not abuse its discretion in admitting this testimony, which was highly probative of whether the nearly three pounds of marijuana that Dunn possessed was intended for his personal consumption or for distribution.

B

As for Dunn's arguments regarding the Government's closing argument, they are likewise unavailing. Dunn urges that the Government's use of incorrect legal definitions of "marijuana" and "hemp" and its reference to Dunn's lack of a "medical marijuana card" constituted misconduct that "so infected the trial with unfairness as to make [his] resulting conviction a denial of due process[.]" *Gov't of the Virgin Islands v. Mills*, 821 F.3d 448, 456 (3d Cir. 2016) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). We disagree.

As an initial matter, under *Rivera*, the Government had no obligation to prove that the substance seized was not hemp. As a result, both its discussion of marijuana and hemp in closing and the District Court's instruction to the jury regarding the definition of hemp under the Farm Bill were of no moment. And even if the discussion of hemp by the Government and the District Court were relevant as a matter of law, the District Court eliminated any prejudice caused by the Government's closing argument when it instructed the jury that closing arguments were not evidence and that the jury should disregard any statements of the law by counsel that are inconsistent with the court's instructions. Appx. 323, 340. *See United States v. Adams*, 759 F.2d 1099, 1111–12 (3d Cir. 1985) (providing that a curative instruction may suffice to "blunt[]" any prejudice that might occur from improper argument).

Finally, neither the Government's statements regarding marijuana versus hemp, nor its reference to Dunn's lack of a medical marijuana card, had a prejudicial effect given the substantial evidence against him. *See Walker v. Horn*, 385 F.3d 321, 336 (3d Cir. 2004) (finding that "a substantial amount of other evidence" made it "highly improbable" that the erroneous admission of impeachment evidence "had an impact on the outcome of the trial"); Appx. 293. Any prejudice caused by the Government's conduct "was more than counterbalanced by the strength of the evidence and thus did not affect" Dunn's substantial rights. *Mills*, 821 F.3d at 465. On this record, we cannot conclude that Dunn's trial was rendered fundamentally unfair.

## IV

For these reasons, we will affirm the District Court's judgment.